IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKEY SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   2:04cv1804 |
| ANTHONY J. PRINCIPI, | ) |
| Secretary of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 23rd day of November, 2005, before the Court for consideration and disposition are DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS IN THE FORM OF SIGNED AUTHORIZATIONS RELEASING RECORDS (*Document No. 14*), PLAINTIFF'S BRIEF IN OPPOSITION (*Document No. 20*) and DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL (*Document No. 21*).  Preliminarily, the Court observes that the federal common law of privilege applies to federal question cases such as this one, *see Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 129 (E.D. Pa. 1997), that a general doctor/patient privilege is not recognized by federal common law, *see id.* at 131, and that while federal courts recognize the existence of the psychotherapist/patient privilege, *see id.* at 129-30, said privilege is waived when a plaintiff alleges that he suffers from emotional distress.  *See id.* at 130 (psychotherapist/patient privilege is waived when plaintiff places his mental condition at issue by alleging that due to his mental condition he is a "qualified individual with a disability" under the Americans with Disabilities Act.).

Upon review of Defendant's Motion and the related filings, it appears to the Court that all of Defendant's requests for information are reasonably calculated to lead to the discovery of relevant and admissible evidence, that no doctor-patient privilege protects Plaintiff's medical records, that to the extent that Plaintiff's medical records may be covered by the psychotherapist/patient privilege, said privilege was waived when Plaintiff alleged emotional distress due to Defendant's actions, and that Plaintiff's arguments in opposition to the Motion are, generally speaking, not germane to litigation in federal court,

NOW THEREFORE, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's Motion is **GRANTED** and Plaintiff shall sign and date the medical, tax, employment, social security and military authorizations and return them to counsel for Defendant **on or before December 2, 2005**.

It is further **ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), the caption of this action shall be amended to reflect that R. James Nicholson, current Secretary of the Department of Veterans' Affairs, is the proper defendant which shall hereafter read as follows:

| | |
|---|---|
| **RICKEY SANDERS,**  Plaintiff,   v.   **R. JAMES NICHOLSON, Secretary of Veterans Affairs,**  Defendant. | 2:04cv1804 |

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Timothy P. O'Brien, Esquire
     Email: tpob@icubed.com

     Christy C. Wiegand, AUSA
     Email: christy.wiegand@usdoj.gov